# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL 1999 SESSION

FILED

May 26, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 03C01-9810-CC-00350 |
| Appellee, | ) | |
| | ) | BLOUNT COUNTY |
| VS. | ) | |
| | ) | HON. D. KELLY THOMAS, JR., |
| DAVID LYN GRIBBLE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

**FOR THE APPELLANT:**

JULIE A. MARTIN
P.O. Box 426
Knoxville, TN 37901-0426
(On Appeal)

MACK GARNER
District Public Defender
419 High Street
Maryville, TN 37804
(At Hearing)

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

MICHAEL L. FLYNN
District Attorney General

KIRK ANDREWS
Assistant District Attorney General
363 Court Street
Maryville, TN 37804-5906

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

**OPINION**

The defendant, David Lyn Gribble, appeals as of right the trial court's judgment upon revocation of probation. Defendant admitted his probation violation, and the trial court sentenced him to serve six months in the county jail with work release eligibility. In addition to incarceration, the trial court ordered defendant to serve an additional six months on intensive probation with the condition that he complete an outpatient alcohol treatment program. We find no abuse of discretion by the trial court and AFFIRM its judgment in all respects.

**FACTS**

In November 1994, defendant pled guilty to facilitation of aggravated assault and received a two year sentence. The trial court immediately placed him on supervised probation. In May 1998, the defendant admitted his third probation violation at issue here.[1] Essentially, defendant ignored the requirements of his probation: he failed to report to his probation officer; failed to perform the required community service; and failed to pay restitution, probation fees, and court costs.

The defendant testified that after release from incarceration following his second probation violation, he lost his job and "was staying drunk all the time, really wasn't doing nothing else. Just hanging out with my friends." During this period, defendant got behind on his community service and monetary obligations to the court which eventually caused him to "just quit going [to probation appointments.]"

However, defendant claims to have matured considerably since that time. He began a relationship with his fiancee and currently supports her and her young daughter. Defendant credits the relationship with helping him to "straighten out" his life. He maintains steady employment and claims to no longer drink.

---

[1] The trial court revoked defendant's probation on two prior occasions. The first revocation in August 1995 resulted in an 18-day jail sentence, followed by extension of probation for one year, and an order to perform 50 hours of community service. The second revocation in February 1996 resulted in defendant's placement in the Department of Correction for execution of his sentence. The Department of Correction released defendant back onto probation in July 1996.

The trial court found defendant's failure to report to be a chronic problem. It determined that such failure made it impossible for the court to address defendant's underlying problems, particularly an apparent alcohol problem. So that it might maintain supervision of the defendant upon release, the trial court ordered defendant to serve six months in the county jail, followed by six months of intensive probation, as well as completion of an outpatient alcohol treatment program.

## PROBATION REVOCATION

Defendant claims that given the "turn around" in his life, the trial court abused its discretion when it revoked his probation. He argues the trial court should give him another opportunity to complete probation without additional incarceration. In the alternative, he argues that six months incarceration is excessive. Finally, the defendant claims that the court abused its discretion in ordering completion of an alcohol treatment program.

Upon a finding by a preponderance of the evidence that a person has violated a condition of probation, a trial court may revoke probation and order commencement "of the judgment as originally entered, *or otherwise* . . . provided . . . the defendant has the right to appeal." Tenn. Code Ann. § 40-35-311(d) (emphasis added). The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. *Id.*; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). The evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

In this case, the probation officer testified that defendant simply ignored his probation requirements. Defendant admitted his violations. And, in spite of his

asserting that he no longer drinks due to the disapproval of his fiancee, the defendant acknowledged that he "stayed drunk" after release from incarceration following the second probation violation.

The trial court did not abuse its discretion by ordering the defendant to serve six months confinement, and further requiring that defendant submit to outpatient alcohol treatment.[2] Defendant's contentions are without merit.

## CONCLUSION

Based upon the foregoing, we find no abuse of discretion by the trial court and AFFIRM its judgment in all respects.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**JERRY L. SMITH, JUDGE**


_____
**NORMA McGEE OGLE, JUDGE**

---

[2]We note that defendant's original probation rules called for an alcohol and drug assessment to which defendant never submitted.